UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| ROBIN KOSTER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 4:12CV00074 AGF |
| | ) | |
| TRANS UNION, LLC, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

This action brought under the Fair Credit Reporting Act, 15 U.S.C. § 1681, et seq., is before the Court on a discovery dispute between the parties.  Plaintiff alleges in her complaint that Defendant, a consumer reporting agency, failed to adopt and/or follow reasonable procedures in preparing Plaintiff's credit report, with the result that a "mixed file," containing information pertaining to other persons, was prepared and disseminated by Defendant.  She also alleges that in further violation of the Act, Defendant did not, upon notice, reinvestigate and correct the false information in Plaintiff's report.  Plaintiff seeks actual and punitive damages, as well as attorney's fees.

In her motion to compel, Plaintiff seeks an order compelling Defendant to respond to certain interrogatories and produce certain documents with respect to information about Plaintiff, regardless of where it is stored in Defendant's computer system, and to produce documents with respect to "matching algorithms and mixed files" and Defendant's policies, procedures, and notice.

Defendant's response to Plaintiff's motion to compel was to file it's own motion to strike the motion to compel on the grounds that Plaintiff (1) refused to confer with Defendant in good faith and make a sincere effort to resolve the discovery disputes prior to filing the motion to compel, as required by Federal Rule of Civil Procedure 37 and Local Rule 3.04; and (2) failed to seek leave of Court prior to filing her 23-page memorandum in support of the motion to compel, in violation of Local Rule 4.01.

Defendant only briefly addresses the merits of the motion to compel in a footnote, maintaining that the discovery sought is not discoverable because the case really involves an issue of identity theft and not a "mixed file."  (Doc. No. 35 at 1 n.1.)  In their responses and replies, the parties continued to exchange accusations regarding the good or bad faith of each related to the discovery dispute.

Federal Rule of Civil Procedure 26(b)(1) provides that "parties may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense."  Under this Rule, "[r]elevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence."  Fed. R. Civ P. 26(b)(1).  Plaintiff, as the moving party, bears the burden of showing that the requested documents are discoverable.  *See Central States, SE & SW Areas Pension Fund v. King Dodge, Inc.*, No. 4:11MC00233 AGF, 2011 WL 2784118, at *2 (E.D. Mo. July 15, 2011).

In general, the Federal Rules promote a "broad and liberal policy of discovery for the parties to obtain the fullest possible knowledge of the issues and facts before trial." *In re MSTG, Inc.*, 675 F.3d 1337, 1346 (Fed. Cir. 2012).  Here the Court finds

- 2 -

Defendant's reasons for striking the motion to compel, and for opposing the discovery sought, unpersuasive.  Further, the requested answers and documents are relevant to the allegations in the complaint.  To the extent that Defendant may have confidentiality concerns with regard to information about individuals other than Plaintiff, these concerns can be addressed by an appropriate protective order.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's motion to strike Plaintiff's motion to compel is **DENIED**.  (Doc. No. 34.)

**IT IS FURTHER ORDERED** that Plaintiff's motion to compel is **GRANTED**. (Doc. No. 32.)  Plaintiff shall fully respond to Plaintiff's discovery requests at issue on before November 16, 2012.

**IT IS FURTHER ORDERED** that Defendant's motion to bar Plaintiff's experts is **DENIED**.  (Doc. No. 37.)  In the event Plaintiff has not yet provided Defendant with dates for deposing Plaintiff's experts, Plaintiff shall do so immediately, and shall make her expert's available prior to November 16, 2012, at Defendant's discretion. Defendant's alternative request to amend the Case Management Order shall be **GRANTED** to the extent that discovery deadlines and the deadlines for any *Daubert* motions shall be extended by two weeks.  The trial date shall not be changed at this point.

AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE

Dated this 9th day of November, 2012.